IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREEENVILLE DIVISION

**ALECIA KING LUCIO**                                                                 **PLAINTIFF**

**V.**                                          **CIVIL ACTION NO. 4:22-CV-24-DAS**

**KILOLO KIJAKAZI,**
**ACTING COMMISSIONER OF SOCIAL SECURITY**           **DEFENDANT**

## MEMORANDUM OPINION AND JUDGMENT

This cause is before the court on the plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration regarding her application for a period of disability, disability insurance benefits, and supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Docket 14. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law and having heard oral argument, finds the decision of the Commissioner of Social Security should be affirmed.

## FACTS

The plaintiff, Alecia King Lucio, filed for benefits on December 26, 2019, alleging onset of disability commencing in June 4, 2015. The Social Security Administration denied the claim initially and on reconsideration. Her date last insured was June 30, 2018. Following a hearing, the ALJ issued an unfavorable decision on August 30, 2021. (Dkt. 7 p. 20-31).[1] The Appeals Council denied the request for review, and this timely appeal followed.

---

[1] All references are to the administrative record using the court's numbering system, rather than the administrative numbering.

The ALJ determined the plaintiff had the following severe impairments: obesity (5'4" 295 lbs.), disorders of the spine, asthma (well controlled), diabetes, diabetic/peripheral neuropathy, and depression. The ALJ found she retained the residual functional capacity (RFC) to perform light work, with the following additional limitations: she can occasionally climb stairs and ramps; she can never climb ladders, ropes, or scaffolds; she can occasionally balance, stoop, kneel, crouch, and crawl; she can occasionally reach overhead on the right; she can frequently handle, finger, and feel; she must avoid concentrated exposure to extreme cold, heat, wetness, and humidity; she must avoid even moderate exposure to dust, odors, gases, chemicals, fumes, poorly ventilated areas, and other pulmonary irritants; she must avoid concentrated exposure to unprotected heights and moving machinery; she can perform routine and repetitive tasks; she can understand, remember, and carry out short, simple instructions; she can sustain concentration, persistence, and pace for 2-hour blocks of time; she can make simple work-related decisions; she can occasionally interact with coworkers, supervisors, and the general public; she can adapt to occasional changes in the workplace; she can read simple words and sentences; she cannot perform jobs requiring mathematical calculations or manage money.

The ALJ found the plaintiff has no past relevant work. However, based on the testimony of the vocational expert, the ALJ found she could perform the requirements of representative occupations such as an inspector, small products assembler, and an electronics assembler, each being unskilled light work. He therefore determined the plaintiff was not disabled.

## ANALYSIS

The plaintiff argues the ALJ failed to properly consider evidence related to her neuropathy. She claims the ALJ improperly discounted Dr. Adams' neurological assessment evidencing diminished protective sense in her hands and diminished light touch in her feet.

The ALJ discussed Dr. Adams' consultative examination findings in his decision stating in relevant part:

> Her diabetes was allegedly in fair control. […] She said her Neurontin helps for her diabetic neuropathy. […] She could elevate on heels and toes…. […] She had a good manual dexterity and full range of motion of all fingers, wrists, elbows, forearms, shoulders, hips, knees and ankles. She walked with a normal [*sic*]. She had diminished light touch in fingertips and toes.

Docket 7 at 27-28. The ALJ specifically recited Dr. Adams' finding that the plaintiff could feel nothing smaller than the 4.31 filament in both the fingertips and toes. *Id*. at 28. However, he noted that Dr. Adams' assessment was the "only report" in the record of numbness or tingling, diminished touch in the plaintiff's fingertips and toes, and burning and pain in her feet. *Id*. The ALJ concluded that "these isolated findings do not, in and of themselves, establish impairments that are disabling. Some loss of sensation in fingertips does not prevent a person from handling or fingering, even if it makes them a bit more difficult." *Id*. at 28. Having previously discussed the plaintiff's hearing testimony that she experienced numbness in her hands, fingertips, and feet, the ALJ ultimately found "little corroboration in the treating medical record" for these complaints. *Id*. at 26, 29.

Considering the record evidence – including Dr. Adams' report and the plaintiff's testimony – the ALJ imposed a light RFC and further limited the plaintiff to frequent handling, fingering, and feeling. The plaintiff contends the record, specifically Dr. Adams' report, supports a more limiting RFC that would have rendered her disabled. Alternatively, the plaintiff argues an additional consultative examination would have resolved any conflicts in the record due to Dr. Adams' examination being the being the "only" evidence of the severity of her neuropathy.

This court's review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, *Richardson v. Perales*,

402 U.S. 389, 401 (1971), and whether the correct legal standards were applied. 42 U.S.C. § 405 (g.); *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990); *Ripley v. Chater*, 67 F.3d 552, 553(5th Cir. 1995). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401 (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)). The ALJ is solely "responsible for determining an applicant's residual functional capacity." *Ripley,* 67 F.3d at 557 (citing 20 C.F.R. § 404.1546). It is not a medical opinion, but an administrative decision, and the ALJ has considerable discretion in considering not just the medical evidence in the record, but other evidence. *Perez v. Secretary of Health and Human Services*, 958 F.2d 445, 446 (1st Cir. 1991) (citations omitted).

Here, substantial evidence supports the ALJ's RFC finding as well as his analysis of the plaintiff's neuropathy. The ALJ assessed the plaintiff's neuropathy as a severe impairment and reduced her to a light RFC including limitations on her ability to handle, finger, and feel. The ALJ thoroughly discussed Dr. Adams' findings as well as the records from the plaintiff's treating providers documenting abilities consistent with the RFC.

For example, on November 19, 2019, the plaintiff reported to Dr. Vernon T. Hughes that "things are going very well," and she was "eating and sleeping good." Docket 7 at 422. On May 19, 2020, Dr. Hughes documented that the plaintiff was "staying healthy" and had "no complaints." Docket 7-1 at 59. On August 18, 2020, Dr. Hughes records state, "everything is fine" and note she should follow-up in three months. Docket 7-1 at 56. Tallahatchie General Hospital records from February 4, 2019, July 2, 2019, and October 2, 20219, document that no neurological symptoms were reported and contain no complaints weakness, sensitivity, or pain in

the plaintiff's hands or feet. Docket 7 at 396, 399, 402. Having reviewed Dr. Adams' consultative examination report, the State agency medical consultants limited the plaintiff to a light RFC with *no* manipulative limitations. Docket 7 at 149, 165. The ALJ found these assessments "generally consistent with the record evidence and persuasive" yet ultimately imposed greater physical limitations. *Id*. at 29.

Finally, Dr. Adams' observed that even with decreased sensation in her feet, the plaintiff could elevate on her heels and toes, had good manual dexterity and full range of motion in all fingers, wrists, and ankles, and walked with a normal gait. Docket 7-1 at 30-31. Accordingly, the court finds the ALJ's RFC is supported by substantial evidence, and the record fails to support additional limitations related to the plaintiff's diabetic/peripheral neuropathy beyond those included therein.

As for the plaintiff's suggestion that the ALJ should have ordered a consultative examination, the ALJ did not abuse his discretion by failing to do so. Under 20 C.F.R. 404.1519a(b), the Commissioner has the discretion to order a consultative examination when evidence is needed that is not contained within the records of the medical sources or cannot be obtained for reasons outside the claimant's control, highly technical or specialized evidence is needed but not available, or there is an indication of a change in condition that is likely to affect the ability to work, but the current severity of the impairment is not established. The Commissioner's discretion is limited where a claimant "raises the requisite suspicion" that such an examination is necessary to discharge the ALJ's duty of full inquiry. *Haywood v. Sullivan*, 888 F.2d 1463, 1472 (5th Cir. 1989). As discussed, substantial evidence exists in the record to support the ALJ's RFC finding and analysis of the plaintiff's neuropathy. Because substantial

evidence supports the RFC, it follows that the ALJ did not abuse his discretion in declining to order a physical consultative examination.

Accordingly, the Court finds there is no reversible error, and the Commissioner's decision is supported by substantial evidence in the record. Therefore, the decision of the Commissioner is hereby **AFFIRMED**.

**SO ORDERED**, this the 12th day of September, 2022.

/s/ David A. Sanders
**U.S. MAGISTRATE JUDGE**